J-S47004-17

**NON-PRECEDENTIAL DECISION - SEE SUPERIOR COURT I.O.P. 65.37**

| | |
|---|---|
| U.S. BANK NATIONAL ASSOCIATION, AS TRUSTEE FOR THE C-BASS MORTGAGE LOAN ASSET-BACKED CERTIFICATES, SERIES 2007-MX1 C/O LITTON LOAN SERVICING, L.P. | IN THE SUPERIOR COURT OF PENNSYLVANIA |
| Appellee | |
| v. | |
| DURAND O'MEARA | |
| Appellant | No. 376 EDA 2017 |

Appeal from the Order December 27, 2016
In the Court of Common Pleas of Chester County
Civil Division at No(s): 2010-12931-RC

BEFORE:  LAZARUS, J., MOULTON, J., and FORD ELLIOTT, P.J.E.

JUDGMENT ORDER BY LAZARUS, J.:          **FILED AUGUST 11, 2017**

Durand O'Meara appeals from the trial court's order granting judgment in favor of Appellee, U.S. Bank National Association ("US Bank"), following a non-jury trial and after denying O'Meara's post-trial motions.  We grant U.S. Bank's application and dismiss the appeal as moot.

O'Meara executed a 30-year fixed mortgage and note, in the amount of $339,000, on the subject property with Chase Bank (Chase) on July 11, 2006.  The note contains an undated endorsement signed by the Vice President of Chase.  The mortgage was later assigned to U.S. Bank. Payment on the mortgage was last recorded in July 2010 for O'Meara's May 2010 obligation.  A notice of intent to foreclose on the property was issued

on August 5, 2010, and a complaint in mortgage foreclosure was filed against O'Meara on October 22, 2010. After filing several amended complaints, U.S. Bank filed a third amended complaint against O'Meara on March 31, 2014.

Following non-jury trial, the court entered a decision in favor of U.S. Bank on February 5, 2016. O'Meara filed a post-trial motion which was granted after the court concluded that an issue regarding U.S. Bank's standing required a new trial. On November 10, 2016, the court held a new non-jury trial, during which U.S. Bank presented the original note. On November 17, 2016, the court entered judgment in U.S. Bank's favor, concluding that there was sufficient evidence presented to prove that U.S. Bank was the holder of the note, a negotiable instrument, and that O'Meara presented no evidence to prove fraud on the face of the documents. Ultimately, the court determined that O'Meara lacked any "injury in fact" from enforcement of the note and mortgage where he was not a party to the assignment and did not execute the assignment.

O'Meara filed unsuccessful post-trial motions. The verdict in favor of U.S. Bank was reduced to judgment on December 27, 2016. On January 13, 2017, O'Meara filed this timely appeal contending that U.S. Bank did not have standing in the matter where U.S. Bank did not present evidence to

establish the timing of the endorsements and where the allonges[1] to the Note were undated.

U.S. Bank has filed an application to dismiss this appeal, claiming that the appeal is moot because O'Meara did not post a bond and the property was sold at a sheriff's sale on April 20, 2017, to a third party. A document attached to U.S. Bank's application to dismiss shows that title to the property was conveyed to Leventry Real Estate, LLC, ("Leventry") for $150,000, and that the title was recorded on June 29, 2017 with the Chester County Recorder of Deeds. We agree with U.S. Bank's contention that O'Meara's failure to file a bond, pursuant to Pa.R.A.P. 1733, renders this appeal moot as he no longer has any interest in the subject property. *See* Pa.R.A.P. 1733 (setting forth requirements for supersedeas in mortgage foreclosure actions); *Insilco Corp. v. Rayburn*, 543 A.2d 120 (Pa. Super. 1988).

Appeal dismissed.

_____

[1] An allonge is a slip of paper attached to an instrument to provide space for additional endorsements. https://www.merriam-  webster.com /dictionary/ allonge (last visited July 11, 2017).

Judgment Entered.

_____
Joseph D. Seletyn, Esq.
Prothonotary


Date: <u>8/11/2017</u>